## Euclid C. Thayer v. John P. Smith.

Where, in an award of referees concerning the partition of a joint estate, based upon an agreement of the parties made pending the reference, there was this clause inserted both in the agreement and the award, with regard to the partition fence:—"Said T. to fence said lot and forever to maintain the same at his own expense," *it was held*, upon a bill for the specific performance of the award, that the security which the defendant was entitled to exact of the plaintiff for the performance of the obligation was not a condition attached to, or a mortgage or charge upon, the latter's several part of the land, but a covenant binding him, his heirs and assigns, to the erection and maintenance of the partition fence; and that the burden of this covenant would, by force of the 9th section of Ch. 91 of the Revised Statutes, run with the land, upon the owner of which it was imposed.

BILL IN EQUITY for the specific performance of an award of referees. From the bill and answer, upon which the case was heard, it appeared, that the award merely confirmed the agreement of the parties made pending the reference, and provided for the partition of a joint estate in Smithfield, and the incumbrance upon the portion of the defendant, of flowage by the dam of the plaintiff, for a money consideration to be paid ; and that the sole matter now in controversy grew out of a clause in the agreement and of the award confirming it, in these words, in application to the dividing fence between the parties, following the description

of the part to be set off in severalty to the plaintiff, and which was to be conveyed to him by the defendant, in fee :—

" Said Thayer to fence said lot, and forever to maintain the same, at his own expense."

The plaintiff insisted that this obligation would be well secured by a covenant; and the defendant, that it should be secured by a mortgage or charge upon the land, or by a condition.

*Markland, for the plaintiff* :—

I. The land, by the agreement and award, is to be divided between the plaintiff and defendant, according to their rights and interests, which is in fee simple, as tenants in common. The award directs that each is to convey his several part to the other in fee ; which means an absolute fee and not a conditional one.

II. A covenant by the plaintiff, that he will build and maintain the fence, will run with the land. *Savage and others* v. *Mason*, 3 Cush. 500, 505 ; *Kellogg* v. *Robinson*, 6 Vermont, 276 ; *Scott* v. *Barton*, 2 Ashm. 324 ; *Coleman* v. *Coleman*, 7 Harris, (Penn.) 40.

III. However this may be, Rev. St. Ch. 91, § 9, binds the successive owners of the plaintiff's land to maintain the fence, in case of such a covenant.

IV. It was never intended by the agreement, that the obligation to build and maintain this fence should be secured by a condition, or a mortgage or charge upon the plaintiff's part of the land; either of which would imply a forfeiture.

*James Tillinghast, for the respondent* :—

I. The maintenance of the fence is, in part, the consideration of a grant to the plaintiff of a perpetual easement of flowage in the defendant's part of the land, and should not be secured by a personal covenant only, which, if it run with the land, will depend for its efficiency upon the solvency of the successive owners of it.

II. There being no privity of estate between the plaintiff and his grantee of the land, the *burden* of the proposed covenant will not run with it. 1 Smith's Leading Cases, notes to Spencer's Case, 99, top paging and onwards ; *Inhabitants of Plymouth* v. *Carver*, 16 Pick. 183.

III. It follows, that to secure the performance of the obligation to build and maintain the fence which the agreement and award

impose upon the plaintiff, it must be done by a condition, or by a mortgage or charge upon the land itself.

AMES, C. J. The question here is,. how did the parties, by their agreement, and the referees, in their award based upon it, intend that the plaintiff should secure to the defendant the perpetual obligation imposed upon him, to build and maintain the partition fence? Since no special mode is provided, the answer must be, in *the usual* mode, which is, by agreement or covenant recorded.

The 91st chapter of the Revised Statutes provides for the erection and maintenance of partition fences, and by its 9th section, that "where the same may be hereafter erected by the agreement of the parties in interest or other lawful manner, the proprietors of the fences in either of said cases erected, their heirs and assigns, shall hold and improve the same without molestation ; and shall be forever afterwards excused from making other fence on such dividing line in all cases whatever, except by the special agreement of such parties to the contrary ; . all agreements which shall be made relating to such partition fences shall be registered in the town clerk's office in the town where such lands shall lie." This section recognizes the binding force of an agreement with regard to partition fences, to vary the general obligation, not only of the parties to the agreement, but of *their heirs and assigns;* and the agreement is to be registered, in order that the grantees of the parties may have, at least, constructive notice of it. In our judgment, this renders it unnecessary to consider, whether, as a general question, the burden of such a covenant runs with the land of the covenantor, except when there is a privity of contract or estate between him and the party who sues upon the covenant. A covenant in the partition deed, executed by indenture, imposing the obligation to maintain the partition fence upon the plaintiff, his heirs and assigns, will, if recorded, be sufficient to carry out the intent of the parties to the agreement and award, and is all the security which the defendant is entitled to demand for its performance. Neither the agreement nor the award warrants the notion, that the plaintiff was to take an estate in severalty in his part of the land divided, defeasible upon his not building or maintaining the partition fence ; or, in other words, that his

estate in the same was to be other than in the common land, an absolute estate in fee simple.

Let a decree be entered, enforcing the specific execution of the award set forth in the pleadings ; and if the parties cannot agree upon the form of the deed or deeds of partition, after this expression of the opinion of the court, let a master be appointed to arrange the form, and superintend the execution, of the deeds.